UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 00-CR-20065 |
| ) | |
| **MUFF'T I. MUSTAAFA,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

On July 17, 2008, Defendant, Muff'T I. Mustaafa, filed a pro se Motion under Federal Civil Rules of Procedure 60(b)(6) (#55). On July 22, 2008, this court entered an Opinion (#56) denying Defendant's Motion. This court concluded that Defendant had not provided any valid basis for granting relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. After this court denied Defendant's pro se Motion for Reconsideration, Defendant filed a Notice of Appeal (#58).

On December 1, 2008, the Seventh Circuit entered an Order. The Seventh Circuit vacated this court's judgment and remanded the case with instructions to recharacterize Defendant's pro se Motion as a § 2255 motion and provide Castro warnings.

Following the remand from the Seventh Circuit, this court hereby concludes that Defendant is seeking relief that he can only obtain through 28 U.S.C. § 2255. Therefore, Defendant's Motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. A postconviction motion that is functionally, substantively, a motion under section 2255 should be treated as such, even if labeled differently. United States v. Henderson, 264 F.3d 709, 710 (7th Cir. 2001), citing United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000).

Accordingly, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court is now advising Defendant of this court's intent to characterize the Motion as one under § 2255 and warns

Defendant that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)).  This court further advises Defendant that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has.  Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004).

IT IS THEREFORE ORDERED THAT:

(1) The clerk of this court is directed to open a civil case and file Defendant's pro se Motion under Rule 60(b) (#55) as a Motion Pursuant to 28 U.S.C. § 2255.

(2)  Defendant is hereby notified that his Motion will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255.  Defendant is allowed thirty (30) days from the date of this Order to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(3) If Defendant does not withdraw or amend his Motion, the Government is allowed until February 23, 2009, to file its Response to Defendant's Motion.  If Defendant amends his Motion within 30 days, the Government is allowed 30 days from the date of the amended Motion to file its Response.

ENTERED this 8th day of January, 2009.


s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE